CHIAPELLA
ET UX.
*vs.*
MONI, ET ALS.

CHIAPELLA ET UX. *vs.* MONI ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A court has no authority to compel the correction of an error made in an act of celebration of marriage, recorded in the church register.

The plaintiffs alleged that the celebration of their marriage took place in New-Orleans, in one thousand eight hundred and three, conformably to the laws of the Province, and the rites of the Catholic church; and that the vicar of the parish Church of St. Louis of New-Orleans, who presided, and is now dead, having omitted at the time, to reduce to writing the act of celebration, he inscribed the act upon the register of marriages for one thousand eight hundred and thirteen, but stated no cause for the previous omission. The action was brought to have the register amended, by adding the cause of the omission.

The present curate of that church denied his power to amend the public records entrusted to his care, and the several persons interested, who had been made parties, denied the plaintiff's allegations, and the right to the amendment prayed. The court below refused to take cognisance of the cause, and the plaintiffs appealed.

The opinion of the court, MATHEWS, J. being absent, was delivered by PORTER, J.

This action is brought by the husband and wife, against the curate of the parish of New-Orleans, and keeper of the church register, to compel him to correct an error in the record made of the marriage of the petitioners. The persons who are alleged to have an eventual interest in the property which the husband may leave at his death, are also made parties, and called on to show cause why the correction of the error committed should not be made.

It is unnecessary to set out the pleadings, and it is sufficient to state, that they put at issue the legal right of the parties to obtain relief in the manner they have sought it.

EASTERN DIS.
*April*, 1833.

CHIAPELLA
ET UX.
*vs.*
MONI, ET ALS.

The allegations in the petition are, that the plaintiffs were married in the year one thousand eight hundred and three, and through the negligence of the then vicar of the parish of St. Louis of New-Orleans, or from some other cause, to the petitioners unknown, he omitted to reduce to writing the act of the celebration of the marriage, and that he afterwards, in the year one thousand eight hundred and thirteen, supposed he could correct the error by inscribing the fact of their marriage in the current register of that year, and leaving the record thus made to be signed by two of the witnesses present at the ceremony.

But that in making this inscription, although he inserted the true date of the marriage, he made no mention in the register, or elsewhere, of the omission alluded to, nor of the reasons why the record of the marriage was then made.

The petition affirms that the want of an explanation of this kind on the register, may work a great injury to the plaintiffs; that they have frequently requested the present curate to correct the error, but that he refuses to do so.

The court below considered itself without authority to make the change in the act, and having rendered judgment in conformity with that opinion, the plaintiffs appealed.

The laws of Louisiana do not provide for a case of this description. We have been referred to those of France; and we there find positive legislation on the subject. The Napoleon code contains a chapter on the *rectification des actes de l'état civil*, and under this legislation, it appears to be very common for courts of justice to order changes to be made in acts such as that before us. Our first code, as it is well known, was nearly a transcript of the Napoleon, and the omission to insert in it, the rules on this subject found in the latter, cannot be attributed to a failure to notice them, but to a different view being entertained of their utility.

A court has no authority to compel the correction of an error made in an act of celebration of marriage recorded in the church register.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Moreau* and *Soulé*, for appellants.

*Quemper*, *McCaleb*, *Farrar*, and *others*, for appellees.